UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WALTER LEE GILBERT, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 12-1345 (EGS) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

MEMORANDUM OPINION

Petitioner, a prisoner at the United States Administrative Maximum ("Supermax") facility in Florence, Colorado, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Having reviewed the petition, the Court will dismiss this action for lack of jurisdiction.

Petitioner has stated no cogent grounds for habeas relief. *See* Pet. at 2 (arguing when a case is "moot"); *id.* at 7-9 (listing no cognizable grounds for relief). Even if had, this Court would lack jurisdiction over the petition because the proper respondent in *habeas corpus* cases is the petitioner's warden or immediate custodian, *Rumsfeld v. Padilla,* 542 U.S. 426, 439 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998), and "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *accord Rooney v. Secretary of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located") (internal citations and quotation marks omitted).

Petitioner's custodian is not within this Court's territorial jurisdiction and transferring an incoherent petition to the appropriate court would serve no purpose. Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

SIGNED:    EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: August 28, 2012